IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Michelle Burks,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No: 12-cv-3441 |
| v. | ) |
| | ) |
| **NCO Financial Systems, Inc., a Pennsylvania Corporation.,** | ) |
| | ) |
| | ) **JURY DEMANDED** |
| **Defendant.** | ) |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Michelle Burks**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendant.**

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendant** conducts business within this District.

### PARTIES

2. **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. **Defendant**, **NCO Financial Systems, Inc.**, (hereinafter "**NCO**") is a Pennsylvania Corporation, conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

### FACTUAL ALLEGATIONS

4. Prior to 2008, **Plaintiff** incurred a debt to the Illinois Department of Health and Human Services in the approximate amount of $458.03.

5. This debt was for consumer personal use.

6. This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

1

7. On December 3, 2008, **Plaintiff** filed a petition for Chapter 13 bankruptcy protection in the Northern District of Illinois, case number 08-B-33079.

8. The debt to NCO was listed in Schedule F of **Plaintiff's** bankruptcy petition.

9. On December 6, 2008 the United States Bankruptcy Clerk for the Northern District of Illinois sent notice to **NCO** that **Plaintiff** had filed for chapter 13 bankruptcy protection and that **NCO** was a creditor in said bankruptcy.

10. Said notice stated that **Plaintiff** had counsel representing her in the bankruptcy.

11. Said notice from the Bankruptcy Clerk indicated that the bankruptcy filing automatically stays certain collection activities against **Plaintiff**.

12. In November, 2011, **Plaintiff** received letters from **NCO** attempting to collect the same exact debt listed in **Plaintiff's** bankruptcy filing.

13. **NCO** continued to send numerous collection letters to **Plaintiff** in an attempt to collect debt that was to be paid through **Plaintiff's** chapter 13 bankruptcy.

14. As a direct and proximate result of the aforesaid harassment, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

## COUNT I
## Plaintiff v. NCO
## Fair Debt Collection Practices Act

1-14. **Plaintiff** restates and re-alleges paragraphs 1-14, as and for paragraphs 1-14 of Count I, as though fully set forth herein.

15. The aforementioned letters from **NCO** to **Plaintiff** were collection communications in violation of provisions of the FDCPA, as aforesaid.

16. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

17. As a result of **Defendant's** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendant**.

**WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **NCO** in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);
- against **NCO** in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);
- against **NCO** in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and
- for any other such further relief as may be just and proper.

## COUNT II
### Plaintiff v. NCO
### Violation of 11 U.S.C. § 362

1-14. **Plaintiff** restates and re-alleges paragraphs 1-14 of the common counts, as and for paragraphs 1-14 of Count I, as though fully set forth herein.

15. Upon filing her bankruptcy petition on December 3, 2008, the automatic stay went into effect, pursuant to 11 U.S.C. § 362.

16. The United States Bankruptcy Clerk's written notice of **Plaintiff's** bankruptcy to **NCO** constituted sufficient notice of **Plaintiff's** bankruptcy.

17. Despite said notice of **Plaintiff's** bankruptcy **NCO** continued to send letters to **Plaintiff** in an attempt to collect said debt.

18. The collection attempts were willful violations of the automatic stay as they were made with knowledge of the bankruptcy.

19. **Plaintiff** is entitled to actual damages, including attorney's fees, and punitive damages, for said willful violation of the automatic stay, pursuant to 11 U.S.C. § 362(k).

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **NCO** and in favor of **Plaintiff**:

    a. for an award of actual damages, pursuant to 11 U.S.C. § 362(k);

    b. for an award of attorney's fees and costs, pursuant to 11 U.S.C. § 362(k);

    c. for an award of punitive damages, pursuant to 11 U.S.C. § 362(k); and

    d. for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530